UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
File No.:

**CIVIL ACTION COMPLAINT**

|  | |  |
|---|---|---|
| Wade Miller Gore and Faye Gore, | : | |
|  | : | |
| Plaintiffs, | : | |
|  | : | |
| vs. | : | |
|  | : | |
| 3M Company a/k/a Minnesota Mining & Manufacturing Company; | : | |
| Air & Liquid Systems Corporation (sued as successor-by-merger to Buffalo Pumps, Inc.); | : | |
| A. W. Chesterton Company; | : | |
| CBS Corporation (a Delaware Corporation) f/k/a Viacom, Inc. (sued as successor-by-merger to CBS Corporation (a Pennsylvania Corporation) f/k/a Westinghouse Electric Corporation); | : | |
| Crane Co.; | : | |
| E. I. Du Pont De Nemours & Company; | : | **JURY TRIAL DEMANDED** |
| Flowserve Corporation f/k/a The Duriron Company, Inc. (sued as successor-by-merger to Durco International d/b/a Valtek); | : | |
| Foster Wheeler Energy Corporation; | : | |
| General Electric Company; | : | |
| Ingersoll-Rand Company; | : | |
| Pfizer Inc.; | : | |
| Riley Power, Inc. f/k/a Riley Stoker Corporation and D. B. Riley, Inc.; | : | |
| Sepco Corporation; | : | |
| Trane US, Inc. f/k/a American Standard Companies; | : | |
| Union Carbide Corporation; | : | |
| The William Powell Company; | : | |
| Zurn Industries, LLC (individually and as successor-in-interest to Zurn Industries, Inc. successor to Erie City Iron Works), | : | |
|  | : | |
| Defendants. | : | |
|  | : | |

1

## CIVIL ACTION COMPLAINT

Plaintiffs Wade Miller Gore and Faye Gore sue the above-named Defendants for compensatory and punitive damages and allege as follows:

## PARTIES

1.     Plaintiffs Wade Miller Gore and Faye Gore are citizens and residents of the County of Columbus, State of North Carolina.

2.     Defendant, **3M COMPANY** a/k/a MINNESOTA MINING &MANUFACTURING COMPANY, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Minnesota.  At all times material hereto, 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, 3M Masks. 3M COMPANY a/k/a MINNESOTA MINING &  MANUFACTURING COMPANY has done and does business in the State of North Carolina.

3.     Defendant, **AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.), was and is a company incorporated under the laws of the State of Pennsylvania with its principal place of business in New York.  At all times material hereto, AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.) developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, Buffalo Pumps. AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.) has done and does business in the State of North Carolina.

4.     Defendant, **A. W. CHESTERTON COMPANY**, was and is a company incorporated under the laws of the State of Massachusetts with its principal place of business in Massachusetts.  At

2

all times material hereto, A. W. CHESTERTON COMPANY developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, asbestos-containing A. W. Chesterton Gaskets. A. W. CHESTERTON COMPANY has done and does business in the State of North Carolina.

5. Defendant, **CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, Westinghouse Generators and Westinghouse Turbines. CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) has done and does business in the State of North Carolina.

6. Defendant, **CRANE CO.**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Connecticut. At all times material hereto, CRANE CO. developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, Crane Pumps and Crane Valves. CRANE CO. has done and does business in the State of North Carolina.

7. Defendant, **E.I. DU PONT DE NEMOURS & COMPANY**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Delaware. At all times material hereto, E.I. DU PONT DE NEMOURS & COMPANY owned and/or controlled

3

premises at which Plaintiff Wade Miller Gore was exposed to asbestos-containing products and equipment and asbestos dust from said products. E.I. DU PONT DE NEMOURS & COMPANY has done and does business in the State of North Carolina.

8.      Defendant, **FLOWSERVE CORPORATION** f/k/a THE DURIRON COMPANY, INC. (sued as successor-by-merger to DURCO INTERNATIONAL d/b/a VALTEK), was and is a company incorporated under the laws of the State of New York with its principal place of business in Texas.   At all times material hereto, FLOWSERVE CORPORATION f/k/a THE DURIRON COMPANY, INC. (sued as successor-by-merger to DURCO INTERNATIONAL d/b/a VALTEK) developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, asbestos-containing Valtek Valves.   FLOWSERVE CORPORATION f/k/a THE DURIRON COMPANY, INC. (sued as successor-by-merger to DURCO INTERNATIONAL d/b/a VALTEK) has done and does business in the State of North Carolina.

9.      Defendant, **FOSTER WHEELER ENERGY CORPORATION**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.   At all times material hereto, FOSTER WHEELER ENERGY CORPORATION developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, asbestos-containing Foster Wheeler Boilers.   FOSTER WHEELER ENERGY CORPORATION has done and does business in the State of North Carolina.

10.      Defendant, **GENERAL ELECTRIC COMPANY**, was and is a company incorporated under the laws of the State of New York with its principal place of business in Connecticut.   At all times material hereto, GENERAL ELECTRIC COMPANY developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, asbestos-containing General Electric Generators and General Electric

4

Turbines. GENERAL ELECTRIC COMPANY has done and does business in the State of North Carolina.

11.    Defendant, **INGERSOLL-RAND COMPANY**, was and is a company incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey. At all times material hereto, INGERSOLL-RAND COMPANY developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, asbestos-containing Ingersoll-Rand Compressors. INGERSOLL-RAND COMPANY has done and does business in the State of North Carolina.

12.    Defendant, **PFIZER INC.**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, PFIZER INC. was a supplier of asbestos-containing talc. PFIZER INC. has done and does business in the State of North Carolina.

13.    Defendant, **RILEY POWER, INC.** f/k/a RILEY STOKER CORPORATION and D. B. RILEY, INC., was and is a company incorporated under the laws of the State of Massachusetts with its principal place of business in Massachusetts. At all times material hereto, RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION and D.B. RILEY, INC. developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, asbestos-containing Riley Stoker Boilers. RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION and D. B. RILEY, INC. has done and does business in the State of North Carolina.

14.    Defendant, **SEPCO CORPORATION**, was and is a company incorporated under the laws of the State of California with its principal place of business in Pennsylvania. At all times material hereto, SEPCO CORPORATION developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, asbestos-containing Sepco Gaskets. SEPCO CORPORATION has done and does business in the State of North Carolina.

5

15.     Defendant, **TRANE US, INC.** f/k/a AMERICAN STANDARD COMPANIES, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. At all times material hereto, TRANE US, INC. f/k/a AMERICAN STANDARD COMPANIES developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, asbestos-containing American Standard equipment. TRANE US, INC. f/k/a AMERICAN STANDARD COMPANIES has done and does business in the State of North Carolina.

16.     Defendant, **UNION CARBIDE CORPORATION**, was and is a company incorporated under the laws of the State of New York with its principal place of business in Texas. At all times material hereto, UNION CARBIDE CORPORATION was a supplier of asbestos fibers. UNION CARBIDE CORPORATION has done and does business in the State of North Carolina.

17.     Defendant, **THE WILLIAM POWELL COMPANY**, was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio. At all times material hereto, THE WILLIAM POWELL COMPANY developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, asbestos-containing Powell Valves. THE WILLIAM POWELL COMPANY has done and does business in the State of North Carolina.

18.     Defendant, **ZURN INDUSTRIES, LLC** (individually and as successor-in-interest to ZURN INDUSTRIES, INC. successor to ERIE CITY IRON WORKS), was and is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in Pennsylvania. The members of the "LLC" who comprise ZURN INDUSTRIES, LLC (individually and as successor-in-interest to ZURN INDUSTRIES, INC. successor to ERIE CITY IRON WORKS) are Robert R. Womack who resides in Erie, Pennsylvania; Craig G. Wehr who resides in Cranberry Township, Pennsylvania; and John R. Mellett who resides in Pennsylvania. At all times material

6

hereto, ZURN INDUSTRIES, LLC (individually and as successor-in-interest to ZURN INDUSTRIES, INC. successor to ERIE CITY IRON WORKS) developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment including, but not limited to, asbestos-containing Erie City Boilers. ZURN INDUSTRIES, LLC (individually and as successor-in-interest to ZURN INDUSTRIES, INC. successor to ERIE CITY IRON WORKS) has done and does business in the State of North Carolina.

19.   Plaintiffs bring this action for monetary damages as a result of Plaintiff Wade Miller Gore contracting an asbestos-related disease. Plaintiff Wade Miller Gore was diagnosed with mesothelioma in May 2015.

20.   Plaintiff Wade Miller Gore was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, as described below:

(a)   Plaintiff Wade Miller Gore experienced occupational exposure to asbestos while working as a carpenter, insulator and maintenance worker from approximately 1971 to 1990 for Daniels Construction at the DuPont Plant in Leland, North Carolina. While performing his duties, Plaintiff Wade Miller Gore was exposed to asbestos-containing products and/or equipment including, but not limited to, asbestos-containing American Standard Equipment, Erie City Boilers, Foster Wheeler Boilers, Riley Stoker Boilers, Ingersoll-Rand Compressors, A. W. Chesterton Gaskets, Sepco Gaskets, General Electric Generators, Westinghouse Generators, Buffalo Pumps, Crane Pumps, General Electric Turbines, Westinghouse Turbines, Crane Valves, Powell Valves, Valtek Valves, and asbestos-containing talc supplied by Pfizer Inc. He also used 3M Dust Masks while on the job.

21.   At all times pertinent hereto, the Defendants acted through their duly authorized

agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendants.

22.     At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Plaintiff Wade Miller Gore's employers or to such other entities so that these materials were caused to be used at Plaintiff Wade Miller Gore's job sites.

## JURISDICTION AND VENUE

23.     This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

24.     Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

25.     Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because the parties to the suit are completely diverse in that none of the Defendants are citizens of the same state as Plaintiffs.  The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

26.     Plaintiffs have satisfied all conditions precedent to the filing of this action.

27.     All of the named Defendants listed on the caption are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each Defendant corporation does or in the past mined, manufactured, processed, imported, converted,

compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina. As mentioned above, Plaintiff Wade Miller Gore was exposed to various asbestos-containing products while working at jobs in North Carolina.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against all named Defendants)**

28.   Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

29.   At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

30.   The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-containing materials, products or equipment came into use by Plaintiff Wade Miller Gore.

31.   Throughout the course of his employment, Plaintiff Wade Miller Gore worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

32.   During the course and scope of his employment, Plaintiff Wade Miller Gore was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma.

9

33. Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff Wade Miller Gore and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or within the exercise of reasonable care, should have known.

34. Plaintiff Wade Miller Gore, whose livelihood was dependent upon the work that he did for the various employers, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that were manufactured, processed, distributed, supplied and/or sold by Defendants. Defendants knew or should have known that persons employed, such as Plaintiff Wade Miller Gore, would be required to and would come into contact with and would work in close proximity to said products.

35. Plaintiff Wade Miller Gore sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Plaintiff Wade Miller Gore's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment into the market and into the stream of interstate commerce while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff Wade Miller Gore's body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff Wade Miller Gore would not know of such danger to his health.

36. Plaintiff Wade Miller Gore's illness and/or disabilities are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known that the asbestos and

10

asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Plaintiff Wade Miller Gore's body, lungs, respiratory system, skin, and health, Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)    Failed to advise Plaintiff Wade Miller Gore of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)    Failed or omitted to provide Plaintiff Wade Miller Gore with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)    Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)    Inadequately warned, if in fact they warned at all, persons such as Plaintiff Wade Miller Gore of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)    Did not recommend methods to improve the work environment;

(g)    Did not develop alternative products;

11

(h)     Continued to use a known cancer-causing product, to-wit: asbestos; and

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform Plaintiff Wade Miller Gore of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

37.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce knew, or in the exercise of reasonable care should have known, about the risks associated with their products. The products in question were defective at the time they left the control of the Defendants.

38.     Defendants were negligent and breached their duty of due care to Plaintiff Wade Miller Gore by taking or failing to take the actions as previously alleged to avoid harm to Plaintiff Wade Miller Gore and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

39.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff Wade Miller Gore were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

40.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, Plaintiff Wade Miller Gore developed mesothelioma as a consequence of which, through no fault of his own, he was severely injured, disabled and damaged.

41.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

12

## SECOND CAUSE OF ACTION
## PRODUCT LIABILITY – INADEQUATE DESIGN OR FORMULATION
### (Against all named Defendants)

42.　Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

43.　At all material times, Defendants were engaged in the manufacture, distribution, supply, sale, assembly, production, construction, and/or specification of asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.

44.　Defendants, acting through their agents, servants, and/or employees, placed in the stream of commerce asbestos products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products designed, manufactured, distributed, marketed, and/or sold by Defendants that were defective, unsafe and unreasonably dangerous for their intended and/or foreseeable uses with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by Plaintiff Wade Miller Gore.

45.　Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff Wade Miller Gore and foreseeable users of said products of the dangers and defects which the Defendants created knew, or within the exercise of reasonable care, should have known.

46.　Defendants acted unreasonably in designing and/or formulating asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products harmful to Plaintiff Wade Miller Gore's body, lungs, respiratory system, skin, and health. Defendants acted unreasonably in the following acts and/or omissions:

13

(a)   Failing to adopt a practical, feasible, and otherwise reasonable alternative design that was safer, that could have been reasonably adopted and that would have prevented or substantially reduced the risk of harm to individuals such as Plaintiff Wade Miller Gore without substantially impairing the usefulness, practicality or desirability of Defendants' products; and

(b)   Using a design that was so unreasonable that reasonable person, aware of the relevant facts, would not use or consume products of this design.

47.   Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce knew, or in the exercise of reasonable care should have known, about the risks associated with their products.  The products in question were defective at the time they left the control of the Defendants.

48.   Defendant's unreasonable acts in designing asbestos products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products herein manufactured, distributed, sold and specified by Defendants was a proximate cause of Plaintiff Wade Miller Gore's development of mesothelioma, as a consequence of which through no fault of his own, he was severely injured, disabled and damaged.

49.   As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

### THIRD CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY
#### (Against all named Defendants)

50.   Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

51.   The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

14

52.     The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein Plaintiff Wade Miller Gore carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products or equipment.

53.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff Wade Miller Gore developed an illness, to-wit: mesothelioma.

54.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

## FOURTH CAUSE OF ACTION
## WILLFUL AND WANTON CONDUCT
### (Against all named Defendants)

55.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

56.     Plaintiff Wade Miller Gore and others in his position worked in close proximity to the asbestos and asbestos-related materials used or manufactured by the Defendants, and the exposure and hazard to each of them, in Plaintiff Wade Miller Gore's presence as well as others in his position, was known or in the exercise of reasonable care should have been anticipated by the Defendants and each of them.

57.     The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products were hazardous to the health and safety of Plaintiff Wade Miller Gore and others in the Plaintiff's position, and prompted by pecuniary motives the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public and particularly the users of said medical and scientific data, depriving them therefore of the opportunity of free choice as to whether or not to expose themselves to the asbestos

15

products of said Defendants. As a result, Plaintiff Wade Miller Gore was severely damaged as is set forth below.

58. The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Plaintiff Wade Miller Gore the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, cessation of smoking, and avoidance of further dust exposure. Specifically, Defendants' intentional, willful, wanton and fraudulent conduct included the following acts and omissions:

    (a)    failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

    (b)    failure to issue recall type letters to prior users;

    (c)    frustrating the publication of articles and literature from the 1930's through at least 1976;

    (d)    rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

    (e)    delaying the use of and/or providing intentionally inadequate warnings on asbestos products.

59. The acts and omissions of each of the Defendants as hereinabove set forth were intentional, willful and wanton, and done with willful disregard of the safety of Plaintiff Wade Miller Gore and others similarly situated at a time when each of the Defendants had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Plaintiff Wade Miller Gore and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to

16

by them, nevertheless placed into the stream of commerce for their own profit this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Plaintiff Wade Miller Gore and others similarly situated, and Plaintiffs are thereby entitled to punitive damages.

60.     Accordingly, as a result of the Defendants' conduct which was conducted willfully, wantonly and with malice, and was grossly negligent and in total disregard for the health and safety of the user or consumer such as Plaintiff Wade Miller Gore, Plaintiffs therefore seek exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, with malice, and in total disregard of the health and safety of the users and consumers of their products.

## FIFTH CAUSE OF ACTION
## FALSE REPRESENTATION/FRAUD
### (Against all Defendants)

61.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

62.     During, before, and after Plaintiff Wade Miller Gore's exposure to asbestos products manufactured, installed or otherwise used by Defendants, the Defendants falsely represented facts including the dangers of asbestos exposure to Plaintiff Wade Miller Gore in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff Wade Miller Gore, and while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

63.     The foregoing representations were material conditions precedent to Plaintiff Wade Miller Gore's continued exposure to asbestos-containing products, and Defendants each intended that Plaintiff Wade Miller Gore act upon the representations by continuing his exposure to the asbestos products.     Plaintiff Wade Miller Gore was ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

17

64.     As a direct and proximate result of Plaintiff Wade Miller Gore's reliance upon Defendants' false representations and fraud, Plaintiff Wade Miller Gore suffered injury and damages hereinafter described and seeks recovery for compensatory and punitive damages against these Defendants.

**SIXTH CAUSE OF ACTION**
**FAILURE TO WARN**
**(Against all named Defendants)**

65.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

66.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and of exposures to inhalable asbestos.

67.     Defendants had a pre- and post-sale duty to warn individuals working at Plaintiff Wade Miller Gore's jobsites including, but not limited to, Plaintiff Wade Miller Gore of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

68.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff Wade Miller Gore of the dangers including, but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with their products which should have been designed to provide to Plaintiff Wade Miller Gore knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which

18

should have been designed to provide to Plaintiff Wade Miller Gore knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(c)    Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)    Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Plaintiff Wade Miller Gore;

(e)    Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)    Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)    Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)    Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)    Failing to take adequate precautions and industrial hygiene measures to protect Plaintiff Wade Miller Gore and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment

19

including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Plaintiff Wade Miller Gore and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j)     Otherwise failing to act reasonably under the totality of the circumstances.

69.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment to Plaintiff Wade Miller Gore's employers, and these products were used by Plaintiff Wade Miller Gore's various employers. Thus, Defendants had a pre- and post-sale duty to warn individuals working at Plaintiff Wade Miller Gore's jobsites including, but not limited to, Plaintiff Wade Miller Gore of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

70.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment. Defendants had a continuing duty to provide post-sale warnings of dangers associated with their products and/or equipment to users.

71.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created

20

an unreasonably dangerous condition that they knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as Plaintiff Wade Miller Gore. In the alternative, after the asbestos-containing products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that their products posed a substantial risk of harm to a reasonably foreseeable user such as Plaintiff Wade Miller Gore, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

72.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Plaintiff Wade Miller Gore to develop mesothelioma as a consequence of which he was injured and damaged, and Plaintiffs hereby make a claim for damages from the Defendants jointly and severally.

73.     As a result of the Defendants' failure to warn, Plaintiff Wade Miller Gore suffered the injuries, illnesses, and/or damages hereinafter alleged.

## SEVENTH CAUSE OF ACTION
## ALLEGATIONS AGAINST PREMISE DEFENDANT

74.     Plaintiff Wade Miller Gore worked at premises owned and/or controlled by **E.I. DU PONT DE NEMOURS & COMPANY** (hereinafter "Premise Defendant") at which he was exposed to asbestos products and dust from asbestos products.

75.     While present at the premise owned and/or controlled by the Premise Defendant, Plaintiff Wade Miller Gore was continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by the Premise Defendant who had the responsibility for such.

76.     Plaintiffs would further show that Plaintiff Wade Miller Gore's injuries and diseases were the result of intentional acts and/or omissions and/or negligence, gross negligence and malice in the use of asbestos at premises owned and/or controlled by the Premise Defendant. Premise Defendant failed to properly remove and/or abate said asbestos at its facility during the time Plaintiff Wade Miller Gore was working there.

77.     Plaintiffs would show that Premise Defendant was negligent, grossly negligent and malicious, and committed certain intentional acts, all of which were the proximate cause of the disease and injuries resulting in mesothelioma from exposure to asbestos.

78.     In particular, Plaintiffs would show that Premise Defendant demonstrated such an entire want of care as to establish that its acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Plaintiff Wade Miller Gore, and that such intentional acts and omissions proximately caused Plaintiff Wade Miller Gore's disease and injuries.

79.     Specific intentional acts and acts constituting negligence, gross negligence and malice committed by Premise Defendant that proximately caused Plaintiff Wade Miller Gore's injuries and disease include:

(a)     Failure to provide safe equipment for Plaintiff Wade Miller Gore to use;

(b)     Failure to provide adequate safety measures and protection against deadly and life threatening asbestos dust, all despite Premise Defendant's knowledge of the extreme risk of harm inherent to asbestos exposure;

(c)     Failure to adequately warn Plaintiff Wade Miller Gore of the inherent dangers of asbestos contamination;

(d)     Failure to maintain the ambient and environmental conditions of the premise in proper and safe condition;

(e)     Failure to follow and adhere to various states and U.S. Government statutes, regulations and guidelines pertaining to asbestos and the exposure to asbestos of individuals. Such failure constituted negligence per se at a minimum.

22

80.     Plaintiffs would further show that Premise Defendant intentionally, knowingly, and/or due to negligence, gross negligence and malice, failed to ensure that individuals such as Plaintiff Wade Miller Gore were protected from the inhalation of asbestos and asbestos fibers. Such actions proximately caused Plaintiff Wade Miller Gore's injuries and illness.

81.     Additionally, specific actions or omissions on the part of Premise Defendant that proximately caused Plaintiff Wade Miller Gore's injuries and illness were:

(a)     Attempting to remove asbestos dust in Plaintiff Wade Miller Gore's workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;

(b)     Failing to provide proper protective gear for individuals exposed to asbestos;

(c)     Failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

(d)     Failing to provide a proper and safe method for the use of asbestos and asbestos fibers;

(e)     Failing to adhere to industry safe standards and other established measures to protect workers from harm; and

(f)     Failing to adequately warn of the extreme risk of danger of inherent to asbestos exposure.

82.     Premise Defendant demonstrated such an entire want of care as to establish that its acts and omissions alleged above were the result of actual conscious indifference to the rights, safety, and welfare of Plaintiff Wade Miller Gore.

## DAMAGES
## LOSS OF CONSORTIUM

83.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

23

84.     Plaintiffs Wade Miller Gore and Faye Gore were married in North Carolina on October 12, 1961 and have remained married at all times material hereto.

85.     As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff Wade Miller Gore, and as a direct and proximate result of the acts and omissions of the Defendants, Plaintiff-Spouse Faye Gore has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband; and therefore, Plaintiff-Spouse Faye Gore is entitled to damages for her loss of consortium, both past and future.

## COMPENSATORY AND PUNITIVE DAMAGES

86.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

87.     As a result of the above-alleged conduct of the Defendants, Plaintiff Wade Miller Gore developed mesothelioma, as a consequence of which, he has been damaged as follows:

      (a)    hospital and medical expenses incidental to Plaintiff Wade Miller Gore's illness;

      (b)    loss of earnings and future earning power of Plaintiff Wade Miller Gore;

      (e)    loss of Plaintiff Wade Miller Gore's general health, strength, and vitality;

      (c)    loss of pecuniary contributions to the heirs of Plaintiff Wade Miller Gore;

      (d)    loss of consortium, society, aid, companionship and services to the heirs of Plaintiff Wade Miller Gore;

      (e)    future loss of consortium, society, aid, companionship and services to the heirs of Plaintiff Wade Miller Gore;

      (f)    pain and suffering of Plaintiff Wade Miller Gore;

      (g)    all other damages recoverable under said Act.

24

WHEREFORE, the Plaintiffs verily believe they are entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn, conspiracy and other breaches of duty and willful, wanton, fraudulent and malicious conduct as alleged herein proximately caused by the fault of the Defendants. Plaintiffs pray for judgment against all Defendants for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000, plus interest as provided by law and the costs of this action.

### PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

This 9th day of June, 2015.

/s/ Janet Ward Black
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiffs
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com

25

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2015, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed the

document to the following non CM/ECF participants:

**3M COMPANY** a/k/a MINNESOTA MINING & MANUFACTURING COMPANY
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.)
CT Corporation System
116 Pine Street, Suite 320
Harrisburg, PA 17101

**A.W. CHESTERTON COMPANY**
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION)
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

**CRANE CO.**
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**E.I. DU PONT DE NEMOURS & COMPANY**
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**FLOWSERVE CORPORATION** f/k/a THE DURIRON COMPANY, INC. (sued as successor-by-merger to DURCO INTERNATIONAL)
CT Corporation Service
1999 Bryan Street, Suite 900
Dallas, TX 75201

**FOSTER WHEELER ENERGY CORPORATION**
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**GENERAL ELECTRIC COMPANY**
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**INGERSOLL RAND COMPANY**
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**PFIZER INC.**
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**RILEY POWER, INC.** f/k/a RILEY STOKER CORPORATION and D.B. RILEY, INC.
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**SEPCO CORPORATION**
Keith Murdock
268 Unionville Indian Trial Road West, Apt. D
Indian Trail, NC 28079

**TRANE US, INC.** f/k/a AMERICAN STANDARD COMPANIES
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**UNION CARBIDE CORPORATION**
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**THE WILLIAM POWELL COMPANY**
D.R. Cowart
2503 Spring Grove Ave.
Cincinnati, OH 45214

**ZURN INDUSTRIES, LLC** (individually and as successor-in-interest to ZURN INDUSTRIES, INC. successor to ERIE CITY IRON WORKS
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957


Respectfully submitted,

/s/Janet Ward Black
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiffs
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com

28